## J. S. BROWN v. B. F. DUNN, EXR.

SUPREME COURT, GALVESTON TERM, 1883.

*Evidence—Lost Instrument.*—In an action against an executor upon a lost promissory note plaintiff will not be allowed to testify as to its execution and delivery, nor its part payment, the same coming clearly within the prohibition of Art. 2248, R. S.

*Same.—Common Law Rule Obtains.*—Our statute, in abolishing the common law requirement, that in suits upon written instruments their execution must be proved, expressly retains in it suits on lost notes, and the requirements of the common law rule of evidence must be complied with in suits upon lost instruments.

Appeal from Fayette county—Opinion by Willie, C. J.

Appellant sued Dunn, as executor of J. S. Burleson, deceased, to recover the amount alleged to be due upon a lost note, executed and delivered to him by said deceased. Dunn pleaded, among other things, a general denial. The claim had been duly presented to the executor, and disallowed, for reasons fully set forth by him in writing. The cause was submitted to the judge below without the intervention of a jury, and he gave judgment for defendant. At trial plaintiff offered himself as a witness to prove that Burleson had executed and delivered to him the notes alleged to have been lost, and had paid a portion of it to him. Upon objection, his testimony to this point was ruled out, but he was allowed to testify that he once had in his possession a note of the character described in his petition, signed J. S. Burleson, and that he had lost it. He also proved by another witness that the witness had once seen plaintiff in the possession of such a note; and by another that Burleson had stated in his last illness that the largest debt he owed was to appellant. This was, in substance, the testimony at the trial.

Reversal of the judgment below is sought on two grounds :

1. Because of error in ruling out that portion of the testimony of Brown which related to the execution and delivery of the note and its part payment.

2 Because upon the admitted evidence judgment should have gone for the plaintiff.

The bill of exceptions does not state upon what ground Brown's testimony was rejected, and the point might be, for that reason, disregarded ; but, admitted, as stated in the briefs, that it was because he was plaintiff in the suit and defendant was the executor of a deceased person, the ruling was correct.

The execution and delivery of the note and its payment in part to plaintiff. were transactions with a deceased person, whose executor was sued, and comes clearly within the prohibition of article 2248 of the Revised Statutes.

As to the second point : Although it was proved Brown owned a note of the description mentioned in his petition, signed J. S. Burleson, that did not amount to proof that Burleson executed

and delivered it to him.    At common law an important essential
to a recovery upon a lost note is proof of its execution and de-
livery.    Our statute, in abolishing the common law requirement
that in suits upon written instruments their execution must be
proved, expressly retains in it suits upon lost notes.    This rule
was in force in the case of Erskine v. Wilson, 20 Tex.,
80, decided under the law of 1846, Hartley's Digest, Art. 741.
That section, in this particular, does not differ from our present
law, Revised Statues, Art. 2262, and the requirements of the
common law rule of evidence must be complied with in suits upon
lost instruments.    As there was no proof of the execution and de-
livery of the lost note, the judgment was properly rendered for
the defendant, and it is affirmed.